UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

TIMOTHY MILLER

    Plaintiff,

V.                                                      CIVIL ACTION NO.

UNITED COLLECTION BUREAU, INC.

    Defendant.                                       JULY 30, 2014

## **COMPLAINT**

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff as an individual consumer, against Defendant United Collection Bureau, Inc., Inc. hereinafter ("UCB") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k (d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendant transacts business here and the conduct complained of occurred here.

III. PARTIES

3. Plaintiff is a natural person residing in the Town of Annapolis, County of Anne Arundel, and State of Maryland.

4. Defendant, UCB, is a foreign corporation engaged in the business of collecting debts in the State of Maryland with its principal place of business located at 5620 SOUTHWYCK BLVD, TOLEDO, OH 43614-0000.

5. Defendant UCB is authorized to do business in Maryland. The principal purpose of Defendant business is the collection of debts in this State and Defendant regularly attempts to collect debts alleged to be due another.

6. Defendant UCB is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a (6).

IV. FACTUAL ALLEGATIONS

7. Plaintiff received phone calls from the Defendant, on a daily basis, sometimes 3 times a day, within the past 12 months of filing of this case.

8. Defendant reported inaccurate and derogatory information about the Plaintiff to the Credit Bureaus.

9. Plaintiff advised the Defendant through its collection employee that he wanted to orally dispute the alleged debt.

10. Defendant's employee would not take plaintiffs dispute, and advised the Plaintiff that he could not dispute the debt.

11. Defendant's employee stated that she intended to continue to report the alleged debt to the credit bureaus without note of Plaintiff's dispute.

12. Defendant's statements were false, deceptive and misleading and violated 15 U.S.C. §1692e.

13. Based on information and belief, Defendant did not report Plaintiff's dispute to the credit bureaus as required by §1692e (8).

14. Based on information and belief, Defendant continued to report the debt without note of Plaintiff's dispute.

15. Plaintiff contacted the Defendant on two different occasions and stated that he did not owe the alleged debt and advised the Defendant he disputed the debt.

16. Defendant communicated with the Defendant attempting to collect over $500 and when Plaintiff inquired to who the debt was owed, Defendant was not able to advise the Plaintiff who their client was or identify the name of the creditor, but stated they were reporting the debt to the Credit Bureaus.

17. As a result of the acts alleged above, Plaintiff has been damaged.

## V. CLAIM FOR RELIEF

18. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

19.  Defendant violated the FDCPA including but not but not limited to, the following:

(a) Violation of §1692e (2) (A) the false representation of the character, amount, or legal status of any debt.

(b) Violation of §1692e (8) Communicating or threatening to communicated to any person credit information which is know or which should be know to be false, including the failure to communicate that the debt is disputed.

(c) Violation of 1692d (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

20. As a result of the foregoing violations of the FDCPA, Defendant UCB is liable to the Plaintiff for declaratory judgment that UCB conduct violated the FDCPA, actual damages, statutory damages, costs and attorney's fees.

WHEREFORE, Plaintiff respectfully requests that judgment is entered against defendant UCB for the following:

A.  Declaratory judgment that Defendant's conduct violated the FDCPA;

B.  Actual damages;

C.  Statutory damages pursuant to 15 U.S.C. § 1692k;

D.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k (3).

E.  For such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

       THE PLAINTIFF

       BY/S/Bernard T. Kennedy
       Bernard T. Kennedy, Esquire
       The Kennedy Law Firm
       163 Mitchells Chance Road, #244
       Edgewater, MD 21037
       Ph   (443) 607-8901
       Fax (443) 440-6372
       Fed. Bar # Md26843
       bernardtkennedy@yahoo.com